IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **YVRANDE BOUTE,**<br><br>    **Plaintiff,**<br><br>-<br><br>    -against-<br><br>**JEFFERSON CAPITAL SYSTEMS, LLC,**<br><br>    **Defendant.** | **Civil Case Number:**<br><br>**CIVIL ACTION COMPLAINT** |

Plaintiff, YVRANDE BOUTE (hereinafter, "Plaintiff"), a New Jersey resident, brings this Complaint by and through the undersigned attorneys against Defendant JEFFERSON CAPITAL SYSTEMS, LLC (hereinafter, "Defendant") based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C.

§§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this action under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA").

6. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

7. Plaintiff is a natural person and a resident of the State of New Jersey, Somerset County, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

8. Defendant is a collection agency with its principal office located at 700 17th Street, Suite 1400, Denver, Colorado 80202.

9. Upon information and belief, Defendant is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that

regularly collects or attempts to collect debts alleged to be due another.

10. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

11. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

12. Some time prior to November 18, 2021, an obligation was allegedly incurred to Santander Consumer USA Inc. dba Chrysler Capital.

13. The Santander Consumer USA Inc. dba Chrysler Capital obligation arose out of a consumer transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal or family purposes.

14. The alleged Santander Consumer USA Inc. dba Chrysler Capital obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

15. Santander Consumer USA Inc. dba Chrysler Capital is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

16. At some point, Santander Consumer USA Inc. dba Chrysler Capital or a purchaser, assignee, or subsequent creditor sold the debt to the Defendant.

17. Defendant ultimately filed suit against Plaintiff for the alleged debt, resulting in a payment arrangement being agreed upon by both parties.

18. As part of the payment arrangement, Plaintiff agreed to make an initial payment in the amount of $300 and requested that the payment be debited from her bank account on November 24, 2021.

19. Defendant agreed that they would debit Plaintiff's bank account on November 24, 2021.

20. Defendant, despite the agreed upon date to collect the initial payment, went ahead and debited Plaintiff's bank account on November 19, 2021, five days earlier than the agreed upon date.

21. As a result of Defendant's breach of the payment agreement, Plaintiff's bank account was overdrawn, and she was charged an overdraft fee of $33.00.

22. Pursuant to the FDCPA, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.  Depositing or threatening to deposit any postdated check or other postdated payment instrument prior to the date on such check or instrument is a violation of the FDCPA.

23. As a result of the Defendant's violations of the FDCPA, the Plaintiff was harmed.  Plaintiff was harmed by being subjected to abusive collection practices, from which she had a substantive right to be free, by having her bank account debited without her permission, and by being subjected to the increased material risk of financial harm that Congress intended to prevent by enacting the FDCPA – to wit, that Plaintiff, influenced by misleading information, would make decisions that she may not have had she been given only truthful information.

24. Defendant's actions as described herein are part of a pattern and practice used to collect consumer debts.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15  U.S.C. §1692f *et seq.***

25. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

26. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated

various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

27. Defendant knowingly withdrew funds from the Plaintiff's account on November 19, 2021 without the Plaintiff's authorization, and before the agreed-upon date of November 24, 2021, thereby causing the Plaintiff to incur insufficient funds charges from her bank.

28. Defendant violated 15 U.S.C. § 1692f by using unfair means in connection with the collection of a debt, including by depositing a postdated payment instrument prior to the date on such instrument in violation of § 1692f(4).

29. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692*f et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) Awarding Plaintiff statutory damages;

(b) Awarding Plaintiff actual damages;

(b) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(c) Awarding pre-judgment interest and post-judgment interest; and

(d) Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: January 3, 2022

/s/ Yitzchak Zelman
Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC

                701 Cookman Avenue, Suite 300
                Asbury Park, New Jersey 07712
                (732) 695-3282 telephone
                (732) 298-6256 facsimile
                yzelman@marcuszelman.com
                *Attorneys for Plaintiff*